## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TONY DUANE COLLINS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-15865** |
| **TERREBONNE PARISH CONSOLIDATED GOVERNMENT, ET AL.** | **SECTION: "E"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Tony Duane Collins, a state inmate, filed this federal civil rights actions pursuant to 42 U.S.C. § 1983. He named two defendants: the Terrebonne Parish Consolidated Government and Richard Neal. In his complaint, plaintiff's statement of his claims, in its entirety, is as follows:

> Upon my arrest on Sept. 15th 2016, I informed the Medical staff at Terrebonne Parish Criminal Justice Complex of an eye doctor appointment, of psych meds prescribed to me, and that I wear contacts. I also informed them that I was a heroin addict and would be withdrawing soon.
> An officer was sent to the dorm ahead of me (C-300), by medical staff, and told inmates in the dorm that I was delusional and suffering from withdrawals. No medication was given to me, psych meds (Prozac mg/Trazadome 50 mg) (of which I am prescribed) or anything to relieve withdrawal symptoms, nor was I placed on any kind of medical observation.
> After withdrawing I wrote several request asking to receive psych meds prescribed to me, saline solution (for care of my contacts), and to be tested for any diseases related to IV drug use. I was asking to be tested because I feel weak and shaky and have very little energy. I know some of these diseases are highly contagious and I would hate to be responsible for unknowingly spreading them throughout the jail.
> All request have so far received no response. I've filled out Step 1 and Step 2 grievance forms with no response. I wrote Warden Major Claude Triche (outside the scope of Medical) and was finally given saline solution on 10-14-16 a month after being incarcerated.
> I have been suffering from extreme paranoia and depression because I have not been able to take my psych meds (Prozac 50 mg/Trazadome 50 mg). Not to mention being ridiculed by some inmates because of statements made by an officer (information given to him by the Medical staff which I believe is supposed to be confidential) before I was put in the dorm (C-300).

> I was never put on any kind of medical watch, just put in the dorm to sleep on the floor for 3 weeks before an opening in a cell became available.[1]

On December 15, 2016, the defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] The undersigned issued an order directing plaintiff to file a memorandum in response to that motion no later than January 11, 2017.[3] Plaintiff filed no such response. For the following reasons, it is now recommended that the defendants' unopposed motion be granted.

Rule 12(b)(6) allows a defendant to move for expeditious dismissal when a plaintiff fails to state a claim upon which relief can be granted. The United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that *the defendant is liable for the misconduct alleged*. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are *merely consistent with a defendant's liability*, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted; emphasis added). As the defendants correctly argue, plaintiff's allegations fail to meet this standard because the statement of his claims fails to allege that the two named defendants, the Terrebonne Parish Consolidated Government and Richard Neal, took any actions which resulted in the violation his constitutional rights.[4]

---

[1] Rec. Doc. 1, pp. 3-4.
[2] Rec. Doc. 10.
[3] Rec. Doc. 11.
[4] Because dismissal is warranted on this basis, the undersigned need not address the alternative grounds for dismissal argued by the defendants in their motion.

As to the claims against the Terrebonne Parish Consolidated Government, it must be noted that the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, *a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted*. To satisfy the cause in fact requirement, *a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom.* The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted; emphasis added). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3. In the instant case, plaintiff does not allege that his constitutional rights were violated as a result of a policy or custom of the Terrebonne Parish Consolidated Government, much less identify such a policy or custom. Accordingly, he has failed to state a proper claim against that defendant, and the claim against the Terrebonne Parish Consolidated Government should therefore be dismissed.

As to the claims against Richard Neal, plaintiff does not indicate whether he is suing Neal in his official capacity or his individual capacity. However, plaintiff's allegations are insufficient to state a claim against Neal in either capacity.

If Neal is being sued in his official capacity, it is clear that "[o]fficial capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent."  Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999).  Accordingly, any official-capacity claim against Neal would in reality be a claim against the local governmental body itself.  Picard v. Gusman, Civ. Action No. 12-1966, 2012 WL 6504772, at *4 (E.D. La. Nov. 26, 2012), adopted, 2012 WL 6504528 (E.D. La. Dec. 13, 2012); Alexander v. City of Gretna, Civ. Action No. 06-5405, 2010 WL 3791714, at *3 (E.D. La. Sept. 17, 2010); Weatherspoon v. Normand, Civ. Action No. 10-060, 2010 WL 724171, at *2-3 (E.D. La. Feb. 22, 2010).  However, as already explained, to state a cognizable claim against a local governmental body, a plaintiff must allege that an official policy or custom caused the purported constitutional violation.  Again, plaintiff has made no such allegation in this case.

If Neal is being sued in his individual capacity, "[p]laintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation.  This standard requires more than conclusional assertions:  The plaintiff must allege specific facts giving rise to the constitutional claims."  Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted).  Moreover, "[p]ersonal involvement is an essential element of a civil rights cause of action."  Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).  Here, as Neal correctly argues, plaintiff's statement of his claims fails even to mention Neal, much less allege that he was *personally involved* in the provision (or denial) of medical care to plaintiff.  Moreover, while it is true that Neal is alleged to be the "Medical Administrator" at the facility, that fact is not alone a sufficient basis to hold him liable under § 1983.  Even if someone under Neal's supervision violated plaintiff's rights, it is well established that a supervisory official may not be held liable

4

pursuant to 42 U.S.C. § 1983 under any theory of vicarious liability for federal civil rights violations allegedly committed by his subordinates. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."); see also Oliver, 276 F.3d at 742 ("Section 1983 does not create supervisory or *respondeat superior* liability."). Therefore, the claims against Neal should likewise be dismissed. See Robertson v. LeBlanc, Civ. Action No. 13-171, 2015 WL 925516, at *2 (M.D. La. Mar. 3, 2015) ("Although the plaintiff has named as defendant the LSP Medical Director, Dr. Jason Collins, the plaintiff has failed to assert any personal participation by this defendant in his medical care, alleging only that Dr. Collins, as the LSP Medical Director, 'is legally responsible for the health care of all offenders ... of this institution....' It is clear that this is an assertion of mere supervisory responsibility on the part of this defendant and, … in order for a prison official to be found liable under § 1983, the official must have been personally involved in conduct causing an alleged deprivation of a constitutional right or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed." (internal brackets omitted)).

## RECOMMENDATION

It is therefore **RECOMMENDED** that defendants' unopposed motion to dismiss, Rec. Doc. 10, be **GRANTED** and that plaintiff's claims be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this eighth day of February, 2017.

_Daniel E. Knowles, III_
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**